**Alan FREEBURG, et al., Plaintiffs–Appellants,**

v.

**Gregory H. WOLF, et al., Defendants–Appellees.**

No. 00–6755.

United States Court of Appeals, Sixth Circuit.

July 31, 2002.

Before KRUPANSKY and COLE, Circuit Judges; DUGGAN,* District Judge.

PER CURIAM.

Plaintiffs–Appellants Alan Freeburg, Sidney Feinberg, Karen Rubin, Don Bailey, Marc Berger and Robert Norman (collectively, "plaintiffs") have appealed the district court's dismissal of their securities fraud case against defendants-appellees Humana, Inc., Gregory Wolf, James Murray and David Jones.

Humana, a large publicly-traded managed health care concern, operates health maintenance organizations ("HMOs") and preferred provider organizations ("PPOs"). Humana has had a longstanding relationship with Columbia/HCA Corporation ("Columbia"), which operates a chain of hospitals. However, in the winter of 1999, Humana and Columbia engaged in tense negotiations as to the nature of the renewal of the then-existing contract, which was to expire on March 31, 1999. The plaintiffs have alleged that Humana knew from the outset that it "was unlikely to win the sweetheart terms of years past" and that "it wasn't going to be as good a contract as in the past." On March 31, 1999, Humana announced that the contract had been renewed, but did not immediately disclose its details. On April 8, 1999, Humana released its analysis of the effects of the new contract. Humana indicated that the new

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

contract was not as favorable as the earlier contract and that a $50 million charge was therefore necessary against 1999 first quarter earnings. Plaintiffs have alleged that Humana had a duty to disclose the status of the pending negotiations and that not only did Humana fail to disclose the poor tenor of the negotiations, it also affirmatively mislead investors as to the true status of the negotiations.

Plaintiffs have further alleged that an additional $35 million charge taken by Humana in the April 8, 1999 announcement reflected increased costs that Humana failed to disclose during the class period, October 29, 1998 through April 8, 1999: "[1] Humana's Medicare segment was losing money due to, among other things, too many unprofitable markets; [2] Humana's small group commercial business was incurring unit costs increases due to, among other things, the Company's PPO provider networks, [particularly] increased administrative and servicing costs; [3] Humana was incurring additional costs due to the payment of inaccurate or inappropriate claim submissions from providers; [4] Humana saw its pharmacy and hospital outpatient costs increase in both the commercial and Medicare groups as early as January 1999; [5] Higher retention of commercial members in recent months was hurting Humana's margins; [6] Certain capitalized risk sharing providers were experiencing difficulty managing medical costs within their contractual obligations."

On February 29, 2000, the plaintiff-appellants filed the instant consolidated class action complaint in federal court, alleging that Humana should have accurately disclosed the status of the pending contract negotiations and the other increasing costs before March 31, 1999 so that investors could accurately gauge the value of Humana stock. The plaintiffs charged that Humana's failure to do so gave rise to liability pursuant to §§ 10(b) and 20(a) of the Securities and Exchange Act of 1934. On April 28, 2000, defendants filed their motion to dismiss.

On November 7, 2000, in a well-reasoned opinion, the district court granted the defendants' motion to dismiss. In concluding that the plaintiffs "failed to allege sufficient facts to state a claim with respect to Humana's failure to update the public of the status of the Columbia/HCA negotiations[,]" the district court determined that the "[d]efendants had no legal duty to inform the public of these developments until the outcome of the negotiations became as certain as hard facts." The district court further concluded that the plaintiffs failed to satisfy the pleading standards of the Private Securities Litigation Reform Act of 1995 ("PSLRA") by not alleging "facts which create a strong inference that the defendants knew or should have known of the trends which led to the poor first quarter results or that they fraudulently hid these facts from the public[.]" In addition, the district court found that "Humana is entitled to dismissal based upon the safe harbor provisions of the PSLRA," and that the defendants should not be held liable for any statements made by third parties. On December 1, 2000, the plaintiffs timely filed their notice of appeal.

This court has carefully reviewed the materials contained in the Joint Appendix and the arguments presented in the briefs of counsel submitted by the parties and concludes that the district court's judgment was correct as a matter of law. This reviewing court therefore adopts the district court's well-reasoned opinion entered on November 7, 2000.

Accordingly, the judgment of the district court is **AFFIRMED**.